# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sheryl Ann Weber,<br><br>        Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>        Defendant. | No. CV-23-00197-TUC-AMM (LCK)<br><br>**ORDER** |

    On May 6, 2024, Magistrate Judge Lynette C. Kimmins issued a Report and Recommendation (R&R) recommending that this Court deny Plaintiff's appeal and affirm the Administrative Law Judge's (ALJ's) denial of Social Security benefits. (Doc. 19.) Plaintiff filed objections to the R&R, to which Defendant responded. (Docs. 20, 21.) For the following reasons, the Court will overrule Plaintiff's objections and affirm the R&R.

    A district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). A district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. 28 U.S.C. § 636(b)(1).

    The R&R finds that the ALJ properly discounted Dr. Grund's medical opinion and properly considered Plaintiff's mental limitations in determining her residual functional capacity (RFC). (Doc. 19) Plaintiff raises two objections to the R&R. (Doc. 20.) First,

Plaintiff objects that the Magistrate Judge erred by affirming the ALJ's discounting of Dr. Grund's medical opinion. (*Id*. at 1-3.) Second, Plaintiff objects that the Magistrate Judge erred by affirming the ALJ's analysis of Plaintiff's mental limitations in determining her RFC. (*Id*. at 3-6.) The Court addresses each objection in turn.

**I.    The ALJ did not err in the analysis of Dr. Grund's medical opinion.**

**A.  Medical Opinion**

Dr. Grund, one of Plaintiff's treating physicians, examined Plaintiff on March 29, 2022. (AR 444-45.) In her physical assessment, Dr. Grund diagnosed Plaintiff with lumbar canal stenosis and "major depression chronic recurrent." (AR 444.) Dr. Grund opined that Plaintiff's symptoms "frequently" interfered with the "attention [and] concentration required to perform simple work-related tasks." (*Id*.) Dr. Grund opined that Plaintiff's medications caused side effects of sedation, dizziness, and impaired concentration.[1] (*Id*.) She further opined that Plaintiff could sit for five to six hours per day, stand or walk for one hour per day, and walk half a block. (*Id*.) Dr. Grund opined that Plaintiff would need to take one five-minute break per hour, would need to lay down more than three times per day, and could not lift ten pounds. (*Id*.) She further opined that Plaintiff could use her hands and fingers for a full eight-hour day but could reach with her arms only ten percent of the day. (*Id*.) Lastly, Dr. Grund opined that Plaintiff would likely be absent from work "more than four times a month" due to her impairments. (AR 445.)

**B.  Applicable Law**

The regulations governing cases filed after March 27, 2017 provide that an ALJ will consider all medical opinions and, at a minimum, articulate how the ALJ evaluated the opinions' supportability and consistency. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). The ALJ must "'articulate . . . how persuasive' [he] finds 'all of the medical opinions' from each doctor or other source . . . and 'explain how [he] considered the supportability and consistency factors' in reaching these findings." *Woods v. Kijakazi*,

---

[1] The medical opinion does not list Plaintiff's medications.

32 F.4th 785, 792 (9th Cir. 2022) (citing 20 C.F.R. § 404.1520c(b)). The supportability factor considers whether and to what extent the medical opinion includes relevant objective medical evidence and supporting explanations. 20 C.F.R. § 416.920c(c)(1). The consistency factor addresses whether the medical opinion is consistent "with the evidence from other medical sources and nonmedical sources in the claim." 20 C.F.R. § 416.920c(c)(2). The ALJ must address supportability and consistency but need not explain how other factors were considered in reaching a decision. 20 C.F.R. § 416.920c(b)(2).

Although the regulations no longer require deference to a treating physician's opinion, the "supportability of a physician's opinion necessarily still includes a review of that doctor's treatment notes." *Curtin v. Comm'r of Soc. Sec. Admin.*, No. CV-21-00790-PHX-GMS, 2023 WL 387202, at *6 (D. Ariz. Jan. 25, 2023). Furthermore, an ALJ "cannot reject an examining or treating doctor's opinion without providing an explanation supported by substantial evidence." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

An ALJ is not required to discuss every portion of a medical opinion to find it unpersuasive. *See Cichocki v. Astrue*, 729 F.3d 172, 178 n.3 (2d Cir. 2013) (ALJ "need not recite every piece of evidence that contributed to the decision, so long as the record permits [the court] to glean the rationale of [the] decision"); *see also Fox v. Berryhill*, 2017 WL 3197215, at *5 (C.D. Cal. July 27, 2017) (an ALJ is not required to address every word of a doctor's opinion). An ALJ's evaluation of evidence will be upheld if it is rational, supported by substantial evidence, and free of legal error. *See Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Matney on Behalf of Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).

**C. ALJ Findings**

In reviewing the medical evidence, the ALJ found Dr. Grund's opinion "not persuasive" because she provided "little support" for it and because it was inconsistent

with diagnostic and objective medical findings elsewhere in the record. (AR 25.) The ALJ noted that Plaintiff's physical examinations were "generally unremarkable" and demonstrated normal strength, sensation, reflexes, coordination, and gait. (*Id*.) The ALJ cited medical records from visits with Dr. Grund in June 2020, April 2021, July 2021, and December 2021, and an examination by Dr. Barlow in January 2021. (*See* AR 329, 350-66, 368, 391-92, 428.) The ALJ determined that these examination results did not reflect the degree of limitation to which Dr. Grund opined. (AR 25.)

**D. Analysis**

Plaintiff objects that the Magistrate Judge erred by affirming the ALJ's failure to consider Plaintiff's complaints of pain in evaluating Dr. Grund's opinion. (Doc. 20 at 3.) Plaintiff contends that the ALJ should have considered her reports of pain to Dr. Grund in evaluating the supportability of Dr. Grund's opinion. (*Id*.; AR 327, 328, 337, 343, 367, 377, 427.)

The Magistrate Judge thoroughly reviewed Dr. Grund's treatment notes and concluded that substantial evidence supported the ALJ's finding that Dr. Grund's opinion was not supported by relevant objective medical evidence or supporting explanations. (Doc. 19 at 4-6; *see also* AR 328, 329, 334, 339, 344, 367, 368, 373-75, 379, 427-28, 438). Records from January 2019 document an abnormal physical condition, including low back pain, a slow and antalgic gait, tenderness in right lumbar musculature, and limited lumbar flexion. (Doc. 19 at 5; AR 339, 344.) Records of visits with Dr. Grund in May and June 2019, November 2020, April 2021, July 2021, and December 2021 document pain at times but an absence of acute distress or objective physical limitations or symptoms, and at times, no pain or controlled pain. (*Id*.; AR 328-29, 334, 367-68, 373-75, 379, 427-28, 438.)

Having reviewed the records cited by Plaintiff, the ALJ, and the Magistrate Judge, as well as the record as a whole, the Court finds that substantial evidence supports the ALJ's decision to discount the supportability of Dr. Grund's opinion. Dr. Grund's treatment notes reflect Plaintiff's fluctuating levels of pain, a lack of acute distress, and

mostly normal objective physical examination results. This constitutes substantial evidence to support the ALJ's conclusion that Dr. Grund's opinion as to the extent of Plaintiff's limitations was not supported by her examination of Plaintiff.

Furthermore, Plaintiff has not shown why the ALJ should be required to factor Plaintiff's reports of pain into his supportability analysis. An ALJ evaluates the supportability of a medical opinion by considering to what extent it includes relevant objective medical evidence and supporting explanations. Plaintiff's reports of pain are neither objective evidence nor supporting explanations. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5849-50, 5853 (Jan. 18, 2017) (symptoms are excluded from the regulatory definition of "medical opinion" because they are "subjective statements made by the individual, not by a medical source, about his or her condition."); *see also* 20 C.F.R. § 404.1502(f), (g) (defining "objective evidence" as "laboratory findings" or observable "anatomical, physiological, or psychological abnormalities . . . apart from [a claimant's] statements (symptoms)"). The ALJ considered Dr. Grund's treatment notes documenting Plaintiff's largely normal physical functioning, which constitute objective medical evidence. (AR 25.) The ALJ also considered that Dr. Grund's opinion contained only minimal, if any, supporting explanation. (*Id.*) A *de novo* review of the record supports these conclusions. An ALJ is not required to discuss every piece of evidence that contributed to his decision, and his weighing of evidence must be upheld if it is rational, supported by substantial evidence, and free of legal error. *See Aukland*, 257 F.3d at 1035; *Burch*, 400 F.3d at 679. For these reasons, Plaintiff's objection as to the ALJ's analysis of Dr. Grund's opinion is overruled.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

## II. The ALJ did not err in the analysis of Plaintiff's mental limitations in the RFC determination.

### A. ALJ Findings

At Step Two, the ALJ found that Plaintiff suffers from the severe impairment of degenerative disc disease.[2] (AR 16.) The ALJ found that Plaintiff's impairment of major depressive disorder did not cause more than "minimal limitation" in her ability to perform mental work activities and was therefore not severe.[3] (AR 16-17.) The ALJ considered the four broad areas of mental functioning and found that Plaintiff had no limitation in understanding, remembering, or applying information, "at most a mild limitation" in interacting with others and managing herself, and a mild limitation in concentrating, persisting, or maintaining pace. (AR 17-18.) The ALJ concluded that because Plaintiff's depression did not cause more than a mild limitation in any of the four functional areas, and because the evidence did not otherwise indicate that Plaintiff could not perform mental work activities, her depression was a non-severe mental impairment. (AR 18); *see also* 20 C.F.R. § 404.1520a(d)(1) (if limitations are "none" or "mild," the mental impairment is "not severe" unless the evidence indicates otherwise).

The ALJ further found that the evidence did not support Plaintiff's subjective complaints of insomnia or anxiety. (AR 19.) The ALJ found that the record did not reflect objective signs of excessive fatigue and that Plaintiff presented to medical examiners with normal mental, emotional, and interpersonal functioning. (AR 19-20.)

The ALJ determined that Plaintiff could perform light work except for exposure to unprotected heights or heavy machinery. (AR 20.) The ALJ did not include any mental limitations in Plaintiff's RFC. (*Id*.) In assessing the RFC, the ALJ considered Plaintiff's

---

[2] At Step Two, an ALJ determines whether a claimant has a medically determinable impairment, or combination of impairments, that is "severe." If a claimant does not have a severe medically determinable impairment, or combination of impairments, she is not disabled. *See* 20 C.F.R. § 404.1520(c).

[3] To the extent that Plaintiff objects that the ALJ erred by failing to find Plaintiff's mental limitations severe at Step Two, the objection is not developed and is therefore waived. (*See* doc. 20 at 4, n. 1); *Prodox, LLC v. Pro. Document Servs., Inc.*, 2021 WL 5370236, at *2 (D. Nev. Nov. 16, 2021) ("Merely identifying an objection will not suffice since courts may deem waived arguments that are not meaningfully developed in motion practice.")

- 6 -

self-reports that she struggled to take care of personal needs and perform activities of daily living, experienced significant depression, and struggled with interpersonal interactions following her son's death. (AR 21; 250-58.) The ALJ considered Plaintiff's hearing testimony and self-reports that she could manage finances, complete chores, drive, go out alone, meet with friends, shop, read, watch television, and play games on her phone. (AR 41, 44-45, 250-58.) The ALJ considered treatment notes from May 2019 documenting that Plaintiff was struggling with grief over her son's death and that she declined advice to participate in therapy or support groups. (AR 21, 332-33.)

The ALJ considered a December 7, 2020 consultative mental examination with Dr. Rohen. (AR 22, 345-48.) The ALJ considered Plaintiff's reports to Dr. Rohen that she struggled with socializing and interacting with others, low energy, anhedonia, and passive suicidal ideation. (*Id.*) He considered that she was appropriately dressed and groomed, had linear and coherent thoughts, normal speech and motor activity, and scored 26 out of 30 on a mental status examination. (AR 22, 346-47.) The ALJ considered that Dr. Rohen diagnosed Plaintiff with depressive disorder related to grieving her son's death. (AR 22, 347.) The ALJ further considered a January 9, 2021 consultative physical examination with Dr. Robert Barlow, during which Plaintiff complained of depression, anxiety, and insomnia and presented with normal mood, concentration, and mental status. (AR 22, 352, 359.)

The ALJ concluded that the objective medical evidence showed that Plaintiff did not have "significant and consistent deficits" in any area. (AR 24.) He further concluded that her activities of daily living indicate that her functional abilities were "generally intact." (*Id.*) The ALJ stated that consideration of the longitudinal record and Plaintiff's activities of daily living did not support finding any mental functioning limitations. (*Id.*)

**B. Analysis**

Plaintiff objects to the absence of mental limitations in her RFC. (Doc. 20 at 3-6.) Plaintiff argues that the ALJ erred by failing to account for her mild mental limitations in the RFC and failing to explain why they were not included. (*Id.*) Plaintiff reiterates her

argument, which she also made to the Magistrate Judge, that *Hutton v. Astrue*, 491 Fed. App'x 850 (9th Cir. 2012), compels the ALJ to include mental limitations in Plaintiff's RFC. (*See* doc. 19 at 9-12; doc. 20 at 3-6.) The Court reviews *de novo* the Magistrate Judge's conclusions of law. *See id.*

The Magistrate Judge found that *Hutton* was not applicable or persuasive in this case because in *Hutton*, the ALJ excluded the plaintiff's mental condition from the RFC determination entirely based on discrediting the plaintiff's testimony and the medical opinions. (Doc. 19 at 10); 491 Fed. App'x 850-51. In *Hutton*, the Ninth Circuit found that the ALJ committed legal error because he was required to consider the plaintiff's mild mental limitations in the RFC regardless of his credibility. *Id.*; *see also* 20 C.F.R. § 404.1545(a)(2) ("When assessing a claimant's RFC, an ALJ must consider all medically determinable impairments, including those that are not severe.")

Here, the ALJ accepted Plaintiff's diagnosis of depressive disorder, stated that the RFC reflected the degree of mental limitations he found at Step Two, repeatedly stated that the evidence and the record did not support greater RFC limitations, and expressly considered specific testimony and evidence related to Plaintiff's mental conditions and limitations in assessing Plaintiff's RFC. Therefore, the ALJ did not exclude Plaintiff's mental limitations from the RFC assessment based on finding Plaintiff's testimony or the medical opinions not credible. Accordingly, upon *de novo* review, the Court agrees with the Magistrate Judge that *Hutton* is not analogous or persuasive in this case.

Moreover, Plaintiff's objection regarding the absence of mental limitations in her RFC fails because there is no indication that it impacted the ultimate disability determination. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (error is harmless if it does not affect the ultimate non-disability determination); *Petty v. Colvin*, No. CV-12-02289-PHX-BSB, 2014 WL 1116992, at *7, 9 (D. Ariz. Mar. 17, 2014) (an ALJ's decision will not be reversed for harmless error). Plaintiff identifies certain medical opinions which she contends constitute evidence of mental limitations impacting her ability to work. (Doc. 20 at 5.) Those medical opinions address Plaintiff's

depression, grief, social avoidance and reticence, limitations in mental functioning, and difficulties with change. (*Id.*; AR 347-48.) The ALJ considered evidence and testimony related to these limitations and found that they were not significant enough to impact the RFC. Furthermore, Plaintiff's objection does not identify how these limitations impact her ability to work. Rather, she simply asserts that they do. Although this objection is arguably too general to trigger *de novo* review, the Court has nevertheless reviewed the record, the ALJ's findings, and the R&R *de novo* as to this issue and finds no error. For these reasons, Plaintiff's objection as to the absence of mental limitations in the RFC is overruled.

### III. Conclusion

The Court has reviewed *de novo* the objected-to portions of Magistrate Judge Kimmins's Report and Recommendation and has reviewed the unobjected portions for clear error. *See* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition; *see also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."). The Court finds no error in Magistrate Judge Kimmins's Report and Recommendation.

Accordingly,

**IT IS ORDERED** that Plaintiff's Objections (doc. 20) are **overruled**.

**IT IS ORDERED** that the Report and Recommendation (doc. 19) is **accepted and adopted in full**, and the decision of the Commissioner is **affirmed**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly and close this case.

Dated this 19th day of September, 2024.

Honorable Angela M. Martinez
United States District Judge